Sheehan & Associates, P.C.
Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck, NY 11021-3104
Telephone: (516) 268-7080
spencer@spencersheehan.com

United States District Court
Southern District of New York                          7:20-cv-09985

| | |
|---|---|
| Miguel Schelmetty, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>Heineken USA Incorporated,<br><br>Defendant | Class Action Complaint |

Plaintiff by attorney alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1.      Heineken USA Incorporated ("defendant") manufactures, distributes, markets, labels and sells beer under the Tecate brand ("Product").

2.      Tecate is one of the most well-known Mexican beers, originating in the Mexican city of Tecate, Baja California.

3.      According to the Beer Institute, American demand for Mexican beers increased eight percent annually between 2009 and 2016 while American beers declined four percent per year, for several reasons.

4.      First, the country has a growing Hispanic and Mexican-American population, which has translated into growing appreciation and admiration for Mexican culture throughout society.

5.      Second, there is greater popularity of Mexican drinks like agua fresca, super-premium tequila and incorporating traditional ingredients like agave, hibiscus and watermelon.

6.    Third, Mexican beers are marketed as "escapist or vacation-reminiscent that's made them appealing."

7.    Today's consumers are faced with increasing commercialization of products and seek brands that are genuine – Mexican beer *from* Mexico, Italian tomatoes from Italy, etc.

8.    For many consumers, "authenticity has overtaken quality as the prevailing purchasing criterion."

9.    Consumers often pay a price premium "for what they perceive to be authentic products, particularly those perceived to be authentically associated with a specific place," such as Mexico for Mexican beer.

10.    Tecate's advertisements, marketing and labeling emphasize this Mexican heritage, through the brand name, the traditional Meso-American typeface, the mythical Aztec eagle emblazoned on the Product and the statements "Original" and "Cerveza."



11.    Tecate's website prominently promotes its origins and connection to Mexico with a picture of a brewery bearing the Tecate name declaring, "Hecha En Tecata Baja California

Mexico" and "Born and brewed in the land we are proud to share our name with: Tecate."



12.    Other pages of its website further emphasize these origins, with statements like "Mexico is in Us," which could be, but is not, a play on words with "Us" referring to the United States.



13.    Tecate's marketing invokes a sense of history to emphasize its Mexican roots, through its iconic "Thunder Bird," a mythological bird dating to the ancient Aztec kingdom.

14.    The Thunder Bird was believed by the Aztecs to emanate thunder from the twitching of its feathers and lightning from the blinking of its eyes, which was believed to vanquish their

enemies.

15.   Despite these indication of origin and authenticity, the Product is not brewed in
Mexico, but in Holland, where the parent company Heineken is headquartered.

16.   This fact is disclosed in small font on the back of the boxes on the lower left where
it states "Product of Holland."

 

17.   The bottom of the box additionally states "Brewed and Canned by HBBV
Amsterdam, Holland…Imported by Cervezas Mexicanas, White Plains, NY



18.   Defendant's omission and failure to disclose the Product's origin in a non-deceptive

4

and transparent manner is deceptive and misleading to consumers who want a Mexican beer brewed in Mexico.

19.    Defendant's branding and packaging of the Product is designed to – and does – deceive, mislead, and defraud plaintiff and consumers.

20.    Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers.

21.    The value of the Product that plaintiff purchased and consumed was materially less than its value as represented by defendant.

22.    Had plaintiff and class members known the truth, they would not have bought the Product or would have paid less for them.

23.    As a result of the false and misleading labeling, the Product is an sold at a premium price, approximately no less than $11.99 per 12 pack compared to other similar products represented in a non-misleading way, and higher than the price of the Product if it were represented in a non-misleading way.

<u>Jurisdiction and Venue</u>

24.    Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2)

25.    Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

26.    Plaintiff Miguel Schelmetty is a citizen of New York.

27.    Defendant Heineken USA Incorporated is a New York corporation with a principal place of business in White Plains, Westchester County, New York and is a citizen of New York.

28.    Minimal diversity exists because plaintiff seeks to represent persons in New York and California who purchased the Products. 28 U.S.C. § 1332(d)(1)(D) ("'the term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action.").

29.    The local controversy exception does not apply because less than two-thirds of the putative class members are citizens of New York.

30.    Under the local controversy exception, a district court must decline jurisdiction if more than two-thirds of the putative class members are citizens of the state in which the action was originally filed. 28 U.S.C. § 1332(d)(4)(A).

31.    Less than two-thirds of proposed class members are citizens of New York.

32.    This fact can plausibly be alleged because defendant sells the Product in every other state and New York's population is not equivalent to two-thirds of the population of the United States.

33.    For the local controversy exception to apply, defendant would need to receive more than two-thirds of its customers from a state that contains less than ten percent of the country's population, which it does not.

34.    Under the home state controversy exception to CAFA, a district court shall decline to exercise jurisdiction if two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed. 28 U.S.C. § 1332(d)(4)(B).

35.    For the same reasons that the local controversy exception does not apply, the home state controversy does not apply.

36.    Upon information and belief, sales of the Product exceed $5 million during the

applicable statutes of limitations, exclusive of interest and costs.

37.   Venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred here.

38.   This case should be assigned to the White Plains office because the claim arose in whole or in major part in a "Northern County," Westchester and one of the parties, Defendant, resides in Westchester.

39.   Venue is further supported because many class members reside in this District.

Parties

40.   Plaintiff Miguel Schelmetty is a citizen of New York, New York County, New York.

41.   Defendant Heineken USA Incorporated is a New York corporation with a principal place of business in White Plains, New York, Westchester County.

42.   During the relevant statutes of limitations for each cause of action alleged, plaintiff purchased the Product within his district and/or State for personal and household consumption and/or use in reliance on the representations of the Product.

43.   Plaintiff purchased the Product on more than one occasion, which include within the past six months, at stores including but not necessarily limited to BJ's Wholesale Club, 610 Exterior Street, The Bronx, NY 10451.

44.   Plaintiff bought the Product at or exceeding the above-referenced price because he liked the product for its intended use and relied upon the marketing and advertising to believe the Product was brewed in Mexico.

45.   Plaintiff was deceived by and relied upon the Product's deceptive labeling.

46.   Plaintiff would not have purchased the Product in the absence of Defendant's misrepresentations and omissions.

47.   The Product was worth less than what Plaintiff paid for it and he would not have paid

7

as much absent Defendant's false and misleading statements and omissions.

48.    Plaintiff intends to, seeks to, and will purchase the Product again when he can do so with the assurance that Product's labels are consistent with the Product's components.

<u>Class Allegations</u>

49.    The class will consist of all purchasers of the Product who reside in New York and California during the applicable statutes of limitations.

50.    Plaintiff seeks class-wide injunctive relief based on Rule 23(b) in addition to a monetary relief class.

51.    Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

52.    Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

53.    Plaintiff is an adequate representative because his interests do not conflict with other members.

54.    No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

55.    Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

56.    Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

57.    Plaintiff seeks class-wide injunctive relief because the practices continue.

New York General Business Law ("GBL") §§ 349 & 350
And California Legal Remedies Act
(Consumer Protection Statutes)

58. Plaintiff incorporates by reference all preceding paragraphs.

59. Plaintiff and class members desired to purchase and consume products which were as described and marketed by defendant and expected by reasonable consumers, given the product type.

60. Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

61. Defendant misrepresented the substantive, origin, geographical, quantitative, qualitative, compositional and/or organoleptic attributes of the Product.

62. Plaintiff relied on the statements, omissions and representations of defendant, and defendant knew or should have known the falsity of same.

63. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Negligent Misrepresentation

64. Plaintiff incorporates by reference all preceding paragraphs.

65. Defendant misrepresented the substantive, origin, geographical, quantitative, qualitative, compositional and/or organoleptic attributes of the Product.

66. Defendant had a duty to disclose the truthful origins of the Product in a way consumers would be aware of it.

67. This duty is based on defendant's position as an entity which has held itself out as having special knowledge and experience in the production, service and/or sale of the product type.

68. The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant, a well-known and respected brand or entity in this sector.

9

69.   Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Product.

70.   Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Breaches of Express Warranty, Implied Warranty of Merchantability and
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*</u>

71.   Plaintiff incorporates by reference all preceding paragraphs.

72.   The Product was manufactured, labeled and sold by defendant or at its express directions and instructions, and warranted to plaintiff and class members that they possessed misrepresented the substantive, origin, geographical, quantitative, qualitative, compositional and/or organoleptic attributes it did not.

73.   Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

74.   This duty is based, in part, on defendant's position as one of the most recognized companies in the nation in this sector.

75.   Plaintiff provided or will provide notice to defendant, its agents, representatives, and their employees.

76.   Defendant received notice and should have been aware of these misrepresentations due to numerous complaints by consumers to its main office over the past several years regarding the Product, of the type described here.

77.   The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable because plaintiffs expected a product that conformed to its representations and marketing.

78.   Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Fraud</u>

79.   Plaintiff incorporates by reference all preceding paragraphs.

80.   Defendant misrepresented the substantive, origin, geographical, quantitative, qualitative, compositional and/or organoleptic attributes of the Product.

81.   The origins of the Product have a material bearing on price and consumer acceptance of the Product.

82.   Defendant's fraudulent intent is evinced by its failure to accurately identify the Product on the Product, when it knew its statements were neither true nor accurate and misled consumers.

83.   Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Unjust Enrichment</u>

84.   Plaintiff incorporates by reference all preceding paragraphs.

85.   Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

   **WHEREFORE**, Plaintiff prays for judgment:

1.  Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   November 27, 2020

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
Tel: (516) 268-7080
Fax: (516) 234-7800
*spencer@spencersheehan.com*
E.D.N.Y. # SS-8533
S.D.N.Y. # SS-2056

7:20-cv-09985
United States District Court
Southern District of New York

Miguel Schelmetty, individually and on behalf of all others similarly situated,

Plaintiff,

- against -

Heineken USA Incorporated,

Defendant

## Class Action Complaint

```
Sheehan & Associates, P.C.
 60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
   Tel: (516) 268-7080
   Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  November 27, 2020

/s/ Spencer Sheehan
Spencer Sheehan